The Honorable Susan Wagle State Representative, 99th District State Capitol, Room 330-N Topeka, Kansas 66612
Dear Representative Wagle:
You inquire whether the following fact pattern constitutes a violation of K.A.R. 66-6-4(n) a regulation promulgated by the Kansas board of technical professions which prohibits a land surveyor from paying a commission to secure work. Specifically, you ask "whether the providing of services at arms length, which are quantifiable and a matter of disclosure to the consuming public (such as those services provided by Quick Close) are compensable by a surveyor licensed in the State of Kansas through the Board of Technical Professions, if such services are other than those provided by an `employment agency' as the same is set forth in the regulation in question."
The regulation in question, K.A.R. 66-6-4(n), states:
 "No licensee shall offer, directly or indirectly, to pay a commission or other consideration or to make a political contribution or other gift in order to secure work, except for payment made to an employment agency for its services."
The regulation prohibits, with the exception of payment to an employment agency, the payment of consideration by a licensee in order to secure work.
You indicate that the real estate business in question, Quick Close, (business) was established for coordinating settlement services including title insurance, escrow closing, home inspections, land surveys, termite inspections, real estate appraisals, home warranties and moving services for lending and real estate professionals and for consumers who are buying and selling residential real estate in Wichita, Kansas. Licensed land surveyors who wish to participate may have their survey services coordinated with order entry, periodic updating, computer services, courier services, and survey encroachment resolution. The licensee will reduce his professional fee by some percentage, part of which will go to the business and part of which will be passed on to the consumer as a discount to the consumers who use the business.
The business essentially provides the coordination of related settlement service providers to provide one stop shopping to persons either selling or purchasing real estate. The related settlement service providers such as real estate appraisers, real estate lenders, title insurance companies and land surveyors obtain certain services. In the case of a land surveyor, the licensee obtains detail work, such as the ordering of the survey, the collection of previous surveys, the scheduling of the survey at the subject property with the homeowner, access or permission to access for the land surveyor from the owner. The additional detail work involves filling out the application form for the survey, fielding questions from lenders, title companies and the buyer or seller regarding the status of the survey, making copies of survey information and collecting payment for the surveyor at the time of the closing of the real estate transaction. In other words the real estate business, Quick Close, provides the services related to the administrative needs of the practice of land surveying. The question, however, is not whether licensed land surveyors may obtain and pay for these services, but rather whether these professionals, specifically land surveyors, are paying a referral fee to obtain work. This question is dependent not on what services are provided by the business but on whether in order to be one of the professionals that the business uses, the professional must pay a commission or a referral fee.
We understand that the real estate business will, for a fee, place the professionals on a "recommended list" so long as the professional, such as a land surveyor, agrees to reduce the land surveying fees by twenty percent, five percent of the fee benefiting the purchaser and the remaining fifteen percent of the fee going to the business. At issue is whether licensed land surveyors who indirectly pay a fee by discounting their professional services to a real estate business in order to be placed on a list of recommended surveyors on real estate projects coordinated by that business run afoul of the regulation which prohibits a licensee from paying a commission in order to secure work. Since the licensee will only be placed on the recommended list if he agrees to pay a fee, it appears that the licensee is paying for the securing of work.
It is argued that the payment by the licensee to the business or the reselling of the service by the business at a higher rate is based upon an arm's length consideration for the service which the business has rendered to the licensee and thus is not a payment of money for the securing of work. However this argument fails to distinguish between the licensee's payment for services and the licensee's payment for being placed on the recommended list. If the licensee's payment of money secures his obtaining clients then in our judgment it violates the regulation that prohibits the licensee from paying a commission in order to obtain or secure work.
In conclusion it is our opinion that the payment structure as described constitutes a violation of K.A.R. 66-4-6 which prohibits a licensee from making payment in order to secure work. There is however nothing to preclude the possibility of structuring the relationship between the licensee and the real estate business in a manner which does not run afoul of the regulation in question.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Guen Easley Assistant Attorney General
CJS:JLM:GE:jm